Pratt, J.
This action was brought to recover the amount of a reward offered for information concerning a missing girl, which was paid to the defendant by the person offering the reward.
The jury found that the plaintiff earned the reward and that it was received by the defendant recognizing the plaintiff’s right to it, and the evidence is sufficient to support that finding.
The legal contention is whether the case falls within the principle laid down in the case of Patrick v. Metcalf, 31 N. Y., 332.
It is not the case of two rival claimants asserting individual rights to compensation for services one of whom is recognized and receives the money, and .the other, who is justly entitled to it, is excluded, but it is the case of one who claims the money knowing he is not justly entitled to the whole of it, and who recognizes the right of the other. to the reward in whole or part, and assumes to receive it for the «use of such person.
*103 The receipt given by the defendant when he received the money is a sufficient admission of the rights of the plaintiff in the fund, and from it the jury had a right to infer that he received it for the benefit of the plaintiff.
In plain terms the receipt under the circumstances disclosed, implies an agreement on the part of the defendant to pay to the plaintiff what she was entitled to out of the reward in question.
He agrees that the specific fifty dollars received by him shall pay for “ all information furnished by any second or third party or parties.” He knew that the plaintiff had furnished him the information by which he found the girl, and he must have had the plaintiff in mind, and so far as appears, no other person, when he" agreed to receive the money and pay for “ all information, etc.”
If this view is correct it was an agreement on the part of the defendant with Vernol to pay the plaintiff the amount of her claim, if any, to the reward, and upon such a state of facts a suit could be maintained.
We are of opinion the case does not fall within the rule laid down in Patrick v. Metcalf, but thus the jury were authorized to find from all the evidence, that the defendant knew the plaintiff was entitled to compensation, and that he received the money recognizing such right and undertook to pay her in full.
There was no error in allowing the plaintiff to amend to •conform the pleadings to the proof, or even to plead new matter relating to the subject matter already set forth in the complaint. We have examined the other exceptions taken upon trial, but find none sufficient to warrant a reversal of the judgment.
Judgment affirmed, with costs.
Barnard and Dykman, JJ., concur.